IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| DIRECTV, Inc., | § § § § | |
| Plaintiff, | § | |
| v. | § § | Civil Action No. L – 03 – CV – 136 |
| OSIRIS ESTRADA, | § § § | |
| Defendant. | | |

## MEMORANDUM AND OPINION

Pending before the Court is the Plaintiff's Motion for Summary Judgment [Doc. No. 23]. The Defendant has not filed a response.

### Procedural Background

Plaintiff DIRECTV filed the instant complaint against Defendant Osiris Estrada on September 12, 2003, seeking damages and injunctive relief based on allegations that Defendant bought and used illegal devices to obtain Plaintiff's television subscriber services free of charge. Plaintiff alleges violations of 47 U.S.C. § 605(a) & 605(e)(4), 18 U.S.C. § 2511, and Texas Civil Practice and Remedies Code 123.002.

Defendant filed an answer on January 16, 2004, effectively denying every allegation by the Plaintiff. [Doc. No. 8]. Mediation was attempted starting on March 23, 2004, but apparently failed. On August 25, 2004, Defendant's attorney was granted permission to withdraw as counsel in this case and Defendant proceed pro se. On February 23, 2005, Plaintiff filed its Motion for Summary Judgment. Defendant did not file a response to the motion for summary judgment.

**Claims**

The Plaintiff's first claims arise under 47 U.S.C. § 605(a), which, in pertinent part, prohibits the unauthorized reception and use of intercepted radio communications to which the interceptor is not legally entitled. In addition, the Plaintiff alleges a violation of 47 U.S.C. 605(e)(4), which prohibits the modification (among other things) of "electronic, mechanical, or other device or equipment, knowing or having reason to know that the device or equipment is primarily of assistance in the unauthorized decryption of satellite cable programming, or direct-to-home satellite services[.]" Moreover, "the prohibited activity . . . as it applies to each such device shall be deemed a separate violation." *Id*; *see also Cablevision Sys. New York City Corp. v. Lokshin*, 980 F.Supp. 107, 113 (E.D.N.Y. 1997).

The Plaintiff also posits a claim under 18 U.S.C. § 2511, which prohibits not only the interception of protected communications, but also the use, procurement, or attempted use or procurement of devices in order to intercept such communications. 18 U.S.C. § 2520 provides a cause of action for violations of 18 U.S.C. § 2511, as well as the methodology for the computation of damages. To prevail on a violation of 18 U.S.C. § 2511, the unlawful interception of electronic communications actionable under 18 U.S.C. § 2520[1], the Plaintiff must prove all three of the following: first, that Defendant acquired a communication; second, the communication was acquired by means of an electronic device; and third, that such interception was intentional. It is not the

---

[1] "[A]ny person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity which engaged in that violation such relief as may be appropriate." 18 U.S.C. § 2520.

2

possession or purchase of pirating devices that is proscribed by this statute, but the use of the devices to intercept unauthorized communications. *Peavy v. WFAA-TV, Inc.*, 221 F.3d 158 (5th Cir. 2000). Therefore, the Plaintiff has to prove actual unauthorized interception of communications. *Id.*

The Plaintiff's third avenue for relief comes under Chapter 123 of the Texas Civil Practices and Remedies Code, which prohibits the interception or attempted interception of communications "transmitted in whole or in part with the aid of a wire or cable." § 123.001(1).

### Deemed Admissions

On March 22, 2004, Plaintiff served requests for admission on Defendant. Defendant's answers were due within 30 days. According to affidavits presented by the Plaintiff, the Defendant failed to respond to the requests for admission. When requests for admission are not answered or denied within 30 days, the matters contained within the requests are deemed admitted. FED. R. CIV. P. 36. Therefore, the information requested by the Plaintiff of the Defendant in the form of admissions is deemed admitted.

### Standard for Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The initial burden, borne by the moving party, requires a showing to the Court of the basis for the motion, as well as an identification of the portions of the record "which [the moving party] believes demonstrate the absence of a

genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Court reviews the record by drawing all inferences most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)(citing *United States v. Diebold, Inc.*, 369 U.S. 654 (1962)).

Once a moving party has met its burden, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response...must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). The adverse party must show more than "some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. If an adverse party completely fails to make a showing sufficient to establish an essential element of that party's case on which that party will bear the burden of proof at trial, then all other facts are rendered immaterial and the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 322-323. Hence, the granting of summary judgment involves a three-tier analysis. First, the Court determines whether a genuine issue actually exists so as to necessitate a trial. FED. R. CIV. P. 56(e). An issue is genuine "if the evidence is such that a reasonable [trier of fact] could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). Second, the Court must ascertain whether that genuine issue pertains to material facts. FED. R. CIV. P. 56(e). The substantive law of the case identifies the material facts; that is, those facts that potentially affect the outcome of the suit. *Anderson*, 477 U.S. at 248. Third, assuming no genuine issue exists as to the material facts, the Court will decided whether the moving party shall prevail solely as a matter of law. FED. R. CIV. P. 56(e). In addition, matters deemed admitted by virtue of the failure of a party to respond to requests for

admission are proper summary judgment evidence. *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991).

### Summary Judgment Evidence

The summary judgment evidence establishes that Plaintiff DIRECTV is a California-based company which distributes satellite television broadcasts throughout the country. [Doc. 1, p. 1]. The requests for admission establish that the Defendant Osiris Estrada is a citizen of Texas [Admission #2] and that he knowingly received DIRECTV without authorization [Admissions #4 and #11]. The summary judgment evidence also establishes that the Defendant purchased three programmers and two "unloopers"from Whiteviper. The purpose of the programmers purchased by Defendant is to "permit illegal programming of – writing of code to – valid DIRECTV access cards," thereby modifying such cards to permit access to programming without paying. [Doc. 23, Exh. 1]. The purpose of the "unloopers" purchased by Defendant is to modify disabled DIRECTV access cards by restoring functionality. [Doc. 23, Exh. 1]. Together, these devices permit interception of otherwise encrypted transmissions from a broadcaster such as DIRECTV.

The summary judgment evidence also establishes Defendant was legitimately in possession of two DIRECTV receivers, purchased separately on or about February 12, 2000 and May 14, 2002. [Doc. No. 23, Ex. 1]. By virtue of requests for admissions Defendant has admitted that he was successful in utilizing the devices in question to facilitate the unauthorized interception of DIRECTV's encrypted signal. Such summary judgment evidence establishes two separate violations of each of the statutes in question. Accordingly, liability is established as a matter of law as to each of these statutes.

**Damages**

18 U.S.C. 2520 provides for damages in the form of injunctions, attorney's fees and costs, and the greater of either 1) actual damages plus profits gained to the violator or 2) the greater of either statutory damages of $100 per day of violation or $10,000. In addition, the Court may grant "temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain violations" of § 2520. 18 U.S.C. § 2520(c)(2)(A) & (B). The forgoing summary judgment – specifically admissions #7, #11, and #14 – establish sufficient facts to sustain a cause of action and to award damages pursuant to § 2511. Therefore, summary judgment as to the issue of damages against the Defendant is proper with regard to claims under 18 U.S.C. § 2511.

Plaintiff also seeks damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) which provides that "the party aggrieved may recover an award of statutory damages for each violation . . . in the action in a sum of not less than $1000 or more than $10,000, as the court considers just[.]" However, a violation of 47 U.S.C. § 605(e)(4) entitles an aggrieved party to "recover statutory damages in a sum not less than $10,000, or more than $100,000, as the court considers just." 47 U.S.C. § 605(e)(3)(C)(i)(II). Pursuant to this statute, the Plaintiff requests statutory damages in an amount "no less than $60,000 . . . or $10,000 under any of the numerous communication statutes violated by Defendant." [Doc. No. 23, p. 15]. Plaintiff bases the $60,000 on its argument that Defendant committed at least six separate violations of 605(e)(4). However, as previously noted, the evidence supports only a finding of two separate violations. In particular, despite the fact that the Defendant purchased multiple sets of products from White Viper, there is no evidence to suggest that he modified more than the two sets of DIRECTV equipment which were purchased legitimately. Therefore, though the

6

multiple purchases from White Viper gave the Defendant the capability to modify up to six pieces of DIRECTV equipment, the evidence only establishes that he was ever in possession of two. Therefore, the Court finds that the Defendant committed two separate violations of 47 U.S.C. § 605(e)(4).

Damages under §123.004 of the Texas Code consist of the following: "[an] injunction to prohibit further interception; statutory damages of $10,000 for each occurrence; all actual damages in excess of $10,000; punitive damages in an amount determined by the court or jury; and reasonable attorney's fees and costs." TEX. CIV. PRAC. & REM. CODE § 123.004. Again, because the evidence establishes two separate violations of the statute, summary judgment on the issue of damages is also appropriate for claims under § 123 of TEX. CIV. PRAC. & REM. CODE.

The Defendant violated numerous statutes, each with its own structure for assessment of damages. However, awarding maximum damages (or damages at all, for that matter) under all of the statutes under which the Plaintiff has successfully pursued claims against the Defendant would lead to a exorbitant sum that would far exceeds the demands of justice. The evidence has shown that the Defendant committed two violations of 47 U.S.C. 605(e)(4), each of which carries a statutory damages award of $10,000. Therefore, the Court awards Plaintiff statutory damages in the amount of $20,000. In addition, attorney's fees and costs are also proper awards under the statutes at issue here. Therefore, the Court awards the Plaintiff attorney's fees and costs in the amount of $5,187.24. The Court notes that punitive damages are allowed under two of the statutes at issue here; however, the total award of $25,187.24 should provide a sufficient penalty and deterrent such that the interests of justice have been satisfied. In addition, the Defendant is hereby permanently enjoined from any

further violations of 47 U.S.C. § 605, 18 U.S.C. § 2511, and TEX. CIV. PRAC. & REM. CODE § 123.001 *et seq.*

CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** summary judgment in favor of the Plaintiff on all claims. The Plaintiff is also **AWARDED** damages in the amount of $20,000 and attorney's fees and costs in the amount of $5,187.24. In addition, the Defendant is hereby **ENJOINED** from further violations of the aforementioned statutes.

IT IS SO ORDERED.

DONE this 26th day of September, 2005, in Laredo, Texas.

Micaela Alvarez
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**